


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/26/2009

| | | |
|---|---|---|
| IN RE: | § | |
| JEMILAT WILLIAMS; aka WILLIAMS | § | CASE NO: 09-32242 |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |

### MEMORANDUM OPINION AND ORDER RECONSIDERING DISMISSAL OF CASE AND VACATING COURT'S ORDER DISMISSING CASE, BUT EXPRESSING NO OPINION ON STATUTORY CONSEQUENCES (DOC # 23, 25)

Debtor filed a voluntary petition commencing this case under chapter 7 of the Bankruptcy Code on April 3, 2009. Debtor did not file Official Form B-22A which is at least arguably required by Bankruptcy Code § 521 and is definitely required by Official Bankruptcy Forms which have the authority of the Federal Rules of Bankruptcy Procedure.[1]

Although not required to do so by law or rule, the Court issued a notice of the deficiency, docket # 4. The notice reminds Debtor and counsel that Bankruptcy Code § 521(i) provides that if the information is not filed, the case is dismissed by statute effective the 46th day after the petition is filed. The notice states that Debtor must seek an exemption from the requirement to file the form if Debtor thinks that Debtor is not required to file it.[2]

Debtor apparently ignored the notice. Arguably the case was dismissed by authority of the statute on the 46th day (May 19, 2009). If that happened, the Court has no authority to change the result. The Court issued an order on May 19, 2009, confirming dismissal of the case (docket # 23). Although the Court does not have authority to issue an order that would alter the automatic statutory consequences (if any), the Court has authority to vacate its own dismissal order if it was issued erroneously.

In docket # 25, Debtor argues that the order dismissing the case was issued in error because Official Form B22A was not required because Debtor's debts were not primarily consumer debts. The Court agrees with the general principle of law that the means test information is not statutorily required from a debtor whose debts are not primarily consumer debts.[3] However, Official Bankruptcy Forms have the authority of federal rules, and compliance is mandatory. The form states that it must be filed by <u>all</u> chapter 7 debtors. The forms provide a method to avoid the expense and effort of completing the complex form when it is not required

---

[1] *See* first sentence of Official Form B22A: " … this statement must be completed by every individual chapter 7 debtor…" *But see also* footnote 4.

[2] Prior to amendment of form B22A as described in footnote 4, the Court had issued a simplified, expedited procedure (*see* footnote 3) for exempting Debtors from the need to file Form B22A. That procedure is still reflected on the Court's website. As a result of the amendment of Form B22A and rethinking the process in this opinion, the Court might eliminate that procedure for future cases to avoid confusion. In any event, the procedure was available in this case at the relevant times but Debtor did not seek to utilize it.

[3] http://www.txs.uscourts.gov/bankruptcy/rulesformsproc/b22aexempt.pdf

by statute.  A debtor must merely "check the box" in Part I, item 1B of the form, sign it, and file the form. [4]  Debtor did not do that.

     A plausible argument can be made that the Court's order dismissing the case was issued in error.  If the means test information was not required by statute, and if Debtor's error was failure to comply with the mandate of an official bankruptcy form, then arguably the Court erred in issuing an order intended merely to confirm statutory consequences.

     Therefore, the order dismissing this case, docket # 23, is VACATED.  The Clerk is directed to process this case as if it had never been dismissed.

     However, as noted above, the statute arguably provides that the case was dismissed on March 19, 2009.  The Court expresses no opinion on that issue.

     SIGNED 06/26/2009.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge

---

[4] Counsel might note that Part I, item 1B of Form B22A allows Debtor to "check the box" and thus be relieved from providing any further information required by form B22A. The Court can imagine reasons why form B22A might be required by the official forms (*e.g.* bankruptcy rules)  in addition to  checking the "business debt" box on the bankruptcy petition , but the Court declines to speculate.  It is reasonably clear that the declaration on form B22A must be given in addition to "checking the business debt" box on the Official Form Petition.